UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLES SCHWAB & CO., INC.,

        Petitioner,

  -v-

EDWARD BRIAN WINSTON,

        Respondent.

24 Civ. 10033 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Petitioner Charles Schwab & Co., Inc. ("Schwab") won an arbitral award against respondent Edward Brian Winston, issued by an arbitral panel appointed by the Financial Industry Regulatory Authority ("FINRA"). *See* Dkt. 4, Ex. 1 (the "Award"). Schwab filed this action to confirm the Award, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. Winston, although appearing, has not moved for vacatur of the Award or opposed Schwab's motion to confirm the Award.

For the following reasons, the Court grants Schwab's motion and confirms the Award.

I.  **Overview**[1]

  **A.**  **Factual Background**

Schwab is organized under California law and has its principal place of business in Texas. Pet. ¶ 4. It operates trading platforms on which customers can buy and sell securities and futures contracts. *Id.* ¶¶ 8–13. Winston, a citizen of Maryland, maintained securities and futures accounts with Schwab. *Id.* ¶¶ 5, 9–13

---

[1] Unless otherwise noted, the Court draws these facts from Schwab's Amended Petition to Confirm, Dkt. 6 (the "Petition" or "Pet.") and the Award.

A sophisticated day trader, Winston undertook speculative trades on margin (*i.e.*, by borrowing funds). *See id.* ¶¶ 8, 17. As a condition of using the Schwab platforms, Winston had granted Schwab the right, in the event he incurred a "margin deficiency," to sell the assets that he had pledged as collateral. *Id.* ¶¶ 15, 24. He also agreed to arbitrate any related dispute, by filing a notice of claim with FINRA or similar (contractually specified) arbitral forum. *Id.* ¶ 14.

On or around February 5, 2018, Winston incurred significant losses on his margin trades as result of market turbulence. *Id.* ¶ 17. Schwab liquidated the equity in Winston's account to cover a portion of the losses; a negative balance of $292,589.41 remained. *Id.*

### B. The FINRA Arbitration

On or about February 7, 2021, Winston initiated arbitral proceedings before FINRA, claiming, *inter alia*, that Schwab had wrongfully liquidated his accounts. *Id.* ¶ 18. Schwab answered Winston's claim and asserted a counterclaim for breach of contract, seeking repayment of the balance of $292,589.41 left in Winston's accounts following the liquidation. *Id.* ¶ 20.

On or about June 22, 2022, FINRA appointed a panel of three arbitrators. *Id.* ¶ 21. From February 12 to 15, 2024, the arbitration was held before the panel over seven hearing sessions. *Id.* ¶ 24. The panel heard live testimony, received documentary evidence, and heard argument. *Id.*

On February 20, 2024, the panel issued the Award, which found Winston liable for $291,651.05 in compensatory damages to Schwab. Award at 10. It denied Winston's claims in their entirety. *Id.* at 9.

### C. This Action

On December 31, 2024, Schwab filed the Petition, Dkt. 1, and a supporting declaration, Dkt. 4. On January 22, 2025, Schwab filed confirmation of its service of the Petition on Winston. Dkt. 9. On January 23, 2025, the Court set a schedule for briefing Schwab's

anticipated motion to confirm the Award. Dkt. 10. On February 12, 2025, Schwab moved to confirm the Award. *See* Dkt. 12 ("Schwab Br.").

Winston has not opposed or otherwise appeared in this action.

## II. Discussion

### A. Applicable Legal Standards

"Arbitration awards are not self-enforcing." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (cleaned up). Instead, "they must be given force and effect by being converted to judicial orders by courts." *Id.* The FAA provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citations and internal quotation marks omitted). "The showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

Review of an arbitral award by a district court thus "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman*, 2011 WL 6778499, at *2 (quoting *Willemijn*, 103 F.3d at 12). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the

3

merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

Courts evaluate a motion to confirm an arbitral award against a party that has failed to oppose the motion under the legal standards applicable to a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109–10. To prevail on such a motion, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the court must view all facts "in the light most favorable" to the non-moving party. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (citations omitted). In determining whether there are genuine issues of material fact, the court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

Even when a motion for summary judgment is unopposed, as here, "the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). In reviewing an unopposed motion for confirmation of an arbitral award,

> a court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented.

4

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law . . . a court must grant an order to confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best Rd. Boring*, No. 6 Civ. 5106, 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007).

### B. Confirmation of the Arbitral Award

On the basis of the Award, and on the very limited review that is appropriate, the Court finds summary judgment warranted, as Schwab has shown there is no material issue of fact in dispute. The arbitral panel acted within the scope of the authority granted it by the parties. *See* 9 U.S.C. § 10(a)(4); Pet. ¶ 14 (quoting parties' agreement). Having considered the evidence adduced at the hearing, the FINRA panel found that Schwab had acted within its contractual rights in liquidating Winston's holdings. *See* Award at 9–10. It explained that Winston's "specific investment choices . . . led to the losses incurred and to the subsequent actions by [Schwab]." *Id.* at 10. From this, the Court concludes that there is at least a "barely colorable justification for the outcome reached," and by all indications a more than colorable one. *Michaels Realty Corp.*, 954 F.2d at 797. Accordingly, the Court confirms the Award in favor of Schwab, for a total amount of $291,651.05

### C. Pre-Judgment Interest

Schwab also seeks pre-judgment interest. *See* Pet. at 7. The Court has "broad discretion to award pre-judgment interest." *Andes Petroleum Ecuador Ltd. v. Occidental Expl. & Prod. Co.*, No. 21-3039-cv, 2023 WL 4004686, at *3 (2d Cir. June 15, 2023). And "New York law provides for prejudgment interest running from the date of an arbitration award until the entry of final judgment." *Finger Lakes Bottling Co. v. Coors Brewing Co.*, 748 F. Supp. 2d 286, 292 (S.D.N.Y. 2010); *see also, e.g., In re Arb. Between Westchester Fire Ins. Co. v. Massamont Ins.*

5

*Agency Inc.*, 420 F. Supp. 2d 223, 227 (S.D.N.Y. 2005) ("[A]n arbitration award confirmed under the FAA bears interest from the date of the award until judgment confirming it." (citation omitted)). Courts have recognized that "prejudgment interest is appropriate" where, as here, "the agreement between the parties states that an arbitration decision is final and binding." *First Cap. Real Estate Invs., L.L.C., v. SDDCO Brokerage Advisors, LLC*, 355 F. Supp. 3d 188, 197–98 (S.D.N.Y. 2019); *see* Pet. ¶ 14 (quoting agreement).

The Court grants Schwab pre-judgment interest calculated from the date of the Award until the entry of judgment. In accord with "the common practice among the courts of this Circuit," the Court sets the interest rate at 9%. *N.Y.C. Dist. Council of Carpenters Pension Fund v. E. Millenium Const., Inc.*, No. 3 Civ. 5122, 2003 WL 22773355, at *3 (S.D.N.Y. Nov. 21, 2003); *see also, e.g., N.Y. City Dist. Council of Carpenters v. Metro Furniture Servs. LLC*, No. 11 Civ. 7074, 2012 WL 4492384, at *3 (S.D.N.Y. Sept. 28, 2012) ("[T]he common practice among courts within the Second Circuit is to grant interest at a rate of 9%, the rate of prejudgment interest under New York State law." (citation omitted)). Thus, the Court grants pre-judgment interest of 9% on the total amount of the Award, $291,651.05, from the date of the Award, February 20, 2024.

### D. Post-Judgment Interest

Schwab, finally, seeks post-judgment interest. Pet. at 10. Such interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a); *see Stage Directors & Choreographers Soc'y v. Paradise Square Broadway Ltd.*, No. 22 Civ. 6252 (PAE), 2022 WL 17249460, at *4 (S.D.N.Y. Nov. 28, 2022) (awarding post-judgment interest where petition for confirmation of arbitral award did not explicitly seek

6

it); *Mulligan Funding LLC v. Tommy Interior Contracting Corp.*, No. 23 Civ. 8808, 2024 WL 3513456, at *11 (E.D.N.Y. July 23, 2024) ("Plaintiff does not seek post-judgment interest, but the very language of 28 U.S.C. § 1961 ensures that an award of post-judgment interest is mandatory in any civil case where money damages are recovered." (internal quotation marks omitted)); *cf. Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. S. Coal Corp.*, No. 17 Civ. 1329, 2017 WL 5714117, at *3 (S.D.N.Y. Nov. 27, 2017). Awards of post-judgment interest under § 1961 are mandatory. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases). An order confirming an arbitral award is to be "docketed as if it was rendered in an action," and "have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13. Accordingly, § 1961 applies to actions to confirm arbitral awards. *See, e.g., Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post-judgment interest in case arising from arbitration); *Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017). The Court therefore also awards interest to accrue from the date judgment is entered until payment is made.[2]

---

[2] Schwab does not seek attorney's fees. *See* Schwab Br. at 7 (requesting attorney's fees "if" Winston opposes or cross-petitions to vacate the Award).

## CONCLUSION

For the reasons stated above, the Court confirms the Award in favor of Schwab. The Court respectfully directs the Clerk of Court to enter judgment accordingly, to terminate all pending motions, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: April 17, 2025
       New York, New York